# *EXHIBIT A*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

ORBELINA MOLINA                    Case Number: _____

vs                                 Date: _____

TARGET CORPORATION                 ☐ One of the defendants is being sued
                                     in their official capacity.

| Name: *(Please Print)* Thomas E. Doyle, Esquire | Relationship to Lawsuit |
|---|---|
| Firm Name: Doyle & Associates, LLC | ☑ Attorney for Plaintiff |
| Telephone No.: (301) 738-1314   Six digit Unified Bar No.: #439279 | ☐ Self (Pro Se)  ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury   ☑ 6 Person Jury   ☐ 12 Person Jury
Demand: $ 250,000.00                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract         ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty         ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property               Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination  ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                                ☐ 28 Motion to Confirm Arbitration
                                     Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile              ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion              ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy         ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander                  Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference      ☐ 18 Wrongful Death (Not Malpractice)
☑ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution       ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal           ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                              Not Malpractice)            ☐ 23 Tobacco
                                                                    ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____  _____7/27/2018_____
Attorney's Signature                    Date

CV-496/ June 2015



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

ORBELINA MOLINA
1436 Newton Street, Apt. 2, Washington, DC 20010
_____
Plaintiff

vs.                                    Case Number _____

CT CORPORATION SYSTEM
1015 15th Street, NW, Washington, DC 20005
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Thomas E. Doyle, Esquire #439276                          *Clerk of the Court*
Name of Plaintiff's Attorney

101 North Adams Street                                    By _____
Address                                                      Deputy Clerk
Rockville, Maryland 20850

(301) 738-1314                                            Date _____
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| ORBELINA MOLINA <br> 1436 Newton Street, Apt. 2 <br> Washington, DC 20010 <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION <br> 3100 14th Street, NW <br> Washington, DC 20010 <br><br> SERVE: Resident Agent <br> CT Corporation System <br> 1015 15th Street, NW <br> Washington, DC 20005 <br><br> Defendant. | * <br> * <br> * <br> *    Case No. _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT

COMES NOW, the Plaintiff, ORBELINA MOLINA, by and through her attorney, Thomas E. Doyle, Esquire and Doyle & Associates, L.L.C., and brings action against the Defendant, Target Corporation, and in support thereof, states as follows:

1. This Court has jurisdiction over the subject matter herein, pursuant to D.C. Code Section 11-921, as amended.

2. That on or about August 6, 2015, the Plaintiff, ORBELINA MOLINA, was walking down the aisle of the Target Corporation. There was a wet substance on the ground and Defendant negligently left the substance on the premises and failed to inspect to make the area safe or warn the Plaintiff, ORBELINA MOLINA. As a result, Plaintiff was caused to fall onto the floor located on Defendant, Target Corporation's premises.

3. That Defendant, Target Corporation, failed to display cautionary signs at all entrances, visible for customers and workers, resulting in the fall and injury of Plaintiff. At same

date and time Defendant knew or should have known of the unsafe conditions then and there existing and present on its premises.

4. That as a result, the Plaintiff, ORBELINA MOLINA, was sustained serious, painful, and permanent bodily injuries. She was forced to seek out medical treatment for the care of the injuries. She incurred medical bills and expenses as a result of the medical treatment rendered. Furthermore, Plaintiff endured conscious pain, suffering, and mental anguish.

5. That all of Plaintiff's losses and injuries are a direct result of the breach of duty owed by the Defendant, to the Plaintiff, as a result of the negligence of the Defendant. Specifically, the Defendant failed to warn customers and workers of the unsafe wet floor on its premises. Defendant failed to fulfill its responsibility and duty of maintaining safe conditions on its property.

6. The Plaintiff did not contribute to her injuries.

7. The Plaintiff did not assume risk of her injuries.

8. That on August 6, 2015, and prior and subsequent thereto, the Defendant, Target Corporation, owned, possessed, controlled, maintained and managed a certain premise commonly described as Target Corporation/Store located at 3100 14th Street, NW, Washington DC 20010.

9. That on the aforesaid date, August 6, 2015, the Plaintiff, ORBELINA MOLINA, was a business invitee and customer of the Defendant in the aforesaid Target Store, and as such invitee and customer, she was properly on said premises.

10. That on the aforesaid date, August 6, 2015, the Plaintiff, ORBELINA MOLINA, fell due to a unknown residue that was on the common floor area, which was on the premises of the Defendant, Target Corporation.

11. That it thereon became and was the duty of the Defendant, Target Corporation, by and through its duly authorized agents and servants, to exercise all due care and caution for the safety of the Plaintiff, ORBELINA MOLINA, and other members of the public on its premises, but the Defendant, Target Corporation, did not regard its duty, or use due care on behalf of the Plaintiff, ORBELINA MOLINA, by and through its authorized agents and servants in that behalf, and negligently and carelessly allowed aforesaid premises unsafe to traverse by customers in its store.

12. That on the aforesaid date, August 6, 2015, the Defendant, Target Corporation, by and through its authorized agents and employees, was then and there negligent in one or more of the following respects: a) Carelessly and negligently failed to provide reasonably and safe premises for persons in said aisle; b) Carelessly and negligently failed to maintain the aforesaid aisle; c) Carelessly and negligently permitted an unknown substance to be present on the floor in an area where customers traversed; d) Carelessly and negligently failed to warn customers of the presence of the unknown residue on the floor; e) Carelessly and negligently failed to clean the unknown residue on the floor after it knew or should have known that the unknown residue presented a danger to its customers; f) Carelessly and negligently failed to maintain the premises owned by the Defendant, Target Corporation, in a good and safe condition for the Plaintiff and others; g) Failing otherwise to comply with the applicable laws and regulations of the District of Columbia h) Carelessly and negligently failed to exercise the degree of care required under the circumstances; i) Otherwise being negligent.

13. That as a direct and proximate result of one or more of the above set forth wrongful acts of negligence on part of the Defendant, Target Corporation, by and through its duly and authorized agents and servants, the Plaintiff, ORBELINA MOLINA, then and there

suffered injuries, incurred severe pain and suffering, incurred medical expenses, lost wages, Plaintiff, ORBELINA MOLINA, has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish. Plaintiff, ORBELINA MOLINA, has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity, and her overall health, strength, and vitality has been greatly impaired, without any negligence of the Plaintiff, ORBELINA MOLINA, contributing thereto.

**WHEREFORE**, the Plaintiff, ORBELINA MOLINA, demands judgment against the Defendant, Target Corporation, in the sum of the amount of $250,000.00 plus interest, costs of this suit, reasonable attorney's fees, pursuant to the laws of the District of Columbia.

Respectfully submitted,
DOYLE & ASSOCIATES, LLC

/S/

Thomas E. Doyle, Bar #439276
101 North Adams Street
Rockville, Maryland 20850
(301) 738-1314
*Attorney for the Plaintiff*

## JURY DEMAND

The Plaintiff, ORBELINA MOLINA, by and through counsel, Thomas E. Doyle, Esquire and Doyle & Associates, L.L.C., hereby demands a trial by jury.

/S/
Thomas E. Doyle, Bar #439276

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

ORBELINA MOLINA                           Case Number: 2018 CA 005384 V

vs                                        Date: _____

TARGET CORPORATION                        ☐ One of the defendants is being sued
                                            in their official capacity.

| Name: *(Please Print)* Thomas E. Doyle, Esquire | Relationship to Lawsuit |
|---|---|
| Firm Name: Doyle & Associates, LLC | ☑ Attorney for Plaintiff |
| Telephone No.: (301) 738-1314   Six digit Unified Bar No.: #439279 | ☐ Self (Pro Se)  ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury
Demand: $ 250,000.00                         Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

**NATURE OF SUIT:**   *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract         ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty         ☐ 17 OVER $25,000 Pltf. Grants Consent     ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 27 Insurance/Subrogation                 ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☐ 13 Employment Discrimination  ☐ 07 Insurance/Subrogation                 ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees           Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                                ☐ 28 Motion to Confirm Arbitration
                                      Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile             ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion             ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy              ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander                     Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference           ☐ 18 Wrongful Death (Not Malpractice)
☑ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                              Not Malpractice)                 ☐ 23 Tobacco
                                                                         ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE _____ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_/s/ T. Doyle_                                7/27/2018
Attorney's Signature                          Date

CV-496/ June 2015

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

ORBELINA MOLINA
1436 Newton Street, Apt. 2, Washington, DC 20010
_____
                                                              Plaintiff

vs.                                                                                Case Number   2018 CA 005384 V

CT CORPORATION SYSTEM
1015 15th Street, NW, Washington, DC 20005
_____
                                                              Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Thomas E. Doyle, Esquire #439276
Name of Plaintiff's Attorney

101 North Adams Street
Address
Rockville, Maryland 20850

(301) 738-1314
Telephone

*Clerk of the Court*

By _____
            Deputy Clerk

Date   08/01/2018

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                                        CASUM.doc

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| ORBELINA MOLINA <br> 1436 Newton Street, Apt. 2 <br> Washington, DC 20010 <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION <br> 3100 14th Street, NW <br> Washington, DC 20010 <br><br> SERVE: Resident Agent <br> CT Corporation System <br> 1015 15th Street, NW <br> Washington, DC 20005 <br><br> Defendant. | * <br> * <br> * <br> *    Case No. 2018 CA 005384 V <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

### COMPLAINT

COMES NOW, the Plaintiff, ORBELINA MOLINA, by and through her attorney, Thomas E. Doyle, Esquire and Doyle & Associates, L.L.C., and brings action against the Defendant, Target Corporation, and in support thereof, states as follows:

1. This Court has jurisdiction over the subject matter herein, pursuant to D.C. Code Section 11-921, as amended.

2. That on or about August 6, 2015, the Plaintiff, ORBELINA MOLINA, was walking down the aisle of the Target Corporation. There was a wet substance on the ground and Defendant negligently left the substance on the premises and failed to inspect to make the area safe or warn the Plaintiff, ORBELINA MOLINA. As a result, Plaintiff was caused to fall onto the floor located on Defendant, Target Corporation's premises.

3. That Defendant, Target Corporation, failed to display cautionary signs at all entrances, visible for customers and workers, resulting in the fall and injury of Plaintiff. At same

date and time Defendant knew or should have known of the unsafe conditions then and there existing and present on its premises.

4. That as a result, the Plaintiff, ORBELINA MOLINA, was sustained serious, painful, and permanent bodily injuries. She was forced to seek out medical treatment for the care of the injuries. She incurred medical bills and expenses as a result of the medical treatment rendered. Furthermore, Plaintiff endured conscious pain, suffering, and mental anguish.

5. That all of Plaintiff's losses and injuries are a direct result of the breach of duty owed by the Defendant, to the Plaintiff, as a result of the negligence of the Defendant. Specifically, the Defendant failed to warn customers and workers of the unsafe wet floor on its premises. Defendant failed to fulfill its responsibility and duty of maintaining safe conditions on its property.

6. The Plaintiff did not contribute to her injuries.

7. The Plaintiff did not assume risk of her injuries.

8. That on August 6, 2015, and prior and subsequent thereto, the Defendant, Target Corporation, owned, possessed, controlled, maintained and managed a certain premise commonly described as Target Corporation/Store located at 3100 14th Street, NW, Washington DC 20010.

9. That on the aforesaid date, August 6, 2015, the Plaintiff, ORBELINA MOLINA, was a business invitee and customer of the Defendant in the aforesaid Target Store, and as such invitee and customer, she was properly on said premises.

10. That on the aforesaid date, August 6, 2015, the Plaintiff, ORBELINA MOLINA, fell due to a unknown residue that was on the common floor area, which was on the premises of the Defendant, Target Corporation.

11.    That it thereon became and was the duty of the Defendant, Target Corporation, by and through its duly authorized agents and servants, to exercise all due care and caution for the safety of the Plaintiff, ORBELINA MOLINA, and other members of the public on its premises, but the Defendant, Target Corporation, did not regard its duty, or use due care on behalf of the Plaintiff, ORBELINA MOLINA, by and through its authorized agents and servants in that behalf, and negligently and carelessly allowed aforesaid premises unsafe to traverse by customers in its store.

12.    That on the aforesaid date, August 6, 2015, the Defendant, Target Corporation, by and through its authorized agents and employees, was then and there negligent in one or more of the following respects: a) Carelessly and negligently failed to provide reasonably and safe premises for persons in said aisle; b) Carelessly and negligently failed to maintain the aforesaid aisle; c) Carelessly and negligently permitted an unknown substance to be present on the floor in an area where customers traversed; d) Carelessly and negligently failed to warn customers of the presence of the unknown residue on the floor; e) Carelessly and negligently failed to clean the unknown residue on the floor after it knew or should have known that the unknown residue presented a danger to its customers; f) Carelessly and negligently failed to maintain the premises owned by the Defendant, Target Corporation, in a good and safe condition for the Plaintiff and others; g) Failing otherwise to comply with the applicable laws and regulations of the District of Columbia h) Carelessly and negligently failed to exercise the degree of care required under the circumstances; i) Otherwise being negligent.

13.    That as a direct and proximate result of one or more of the above set forth wrongful acts of negligence on part of the Defendant, Target Corporation, by and through its duly and authorized agents and servants, the Plaintiff, ORBELINA MOLINA, then and there

suffered injuries, incurred severe pain and suffering, incurred medical expenses, lost wages, Plaintiff, ORBELINA MOLINA, has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish. Plaintiff, ORBELINA MOLINA, has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity, and her overall health, strength, and vitality has been greatly impaired, without any negligence of the Plaintiff, ORBELINA MOLINA, contributing thereto.

**WHEREFORE**, the Plaintiff, ORBELINA MOLINA, demands judgment against the Defendant, Target Corporation, in the sum of the amount of $250,000.00 plus interest, costs of this suit, reasonable attorney's fees, pursuant to the laws of the District of Columbia.

Respectfully submitted,
DOYLE & ASSOCIATES, LLC

/S/

Thomas E. Doyle, Bar #439276
101 North Adams Street
Rockville, Maryland 20850
(301) 738-1314
*Attorney for the Plaintiff*

### JURY DEMAND

The Plaintiff, ORBELINA MOLINA, by and through counsel, Thomas E. Doyle, Esquire and Doyle & Associates, L.L.C., hereby demands a trial by jury.

/S/
Thomas E. Doyle, Bar #439276

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

ORBELINA MOLINA
   Vs.                                                                        C.A. No.     2018 CA 005384 V
TARGET CORPORATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                        Chief Judge Robert E. Morin

Case Assigned to: Judge ANTHONY C EPSTEIN
Date: August 1, 2018
Initial Conference: 9:30 am, Friday, October 26, 2018
Location: Courtroom 200
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

                                                                                                                              CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin